Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY DAVIS and SCOTT SCRIBNER, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 |
| UNIVERSAL HEALTH SERVICES INC., a Delaware Corporation; UHS OF DELAWARE, INC., a Delaware Corporation; VALLEY HEALTH SYSTEM, LLC, a Delaware Limited Liability; SODEXO, INC. dba SODEXO USA, a Delaware Corporation; SODEXO AMERICA, LLC dba SODEXO USA,  a Delaware Limited Liability; SODEXO OPERATIONS, LLC dba SODEXO USA,  a Delaware Limited Liability; and SDH SERVICES WEST, LLC dba SODEXO USA, a Delaware Limited Liability, | 2. SEX DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
3. DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

JURY DEMAND |
| Defendants. | |

1

Plaintiffs GARY DAVIS and SCOTT SCRIBNER (hereinafter collectively "Plaintiffs" or individually "Plaintiff Davis" or "Davis" and "Plaintiff Scribner" or "Scribner") alleges as follows:

1. This action is brought pursuant to the provisions of the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA"), Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") and the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq. (hereinafter "ADA") to obtain relief for Plaintiffs for discriminating against them in the terms, conditions or privileges of their employment and refusing to hire them based on their age, sexual orientation and/or disability.

2. At all relevant times, Defendants UNIVERSAL HEALTH SERVICES INC., a Delaware Corporation; UHS OF DELAWARE, INC., a Delaware Corporation; VALLEY HEALTH SYSTEM, LLC, a Delaware Limited Liability; SODEXO, INC. dba SODEXO USA, a Delaware Corporation; SODEXO AMERICA, LLC dba SODEXO USA, a Delaware Limited Liability; SODEXO OPERATIONS, LLC dba SODEXO USA, a Delaware Limited Liability; and SDH SERVICES WEST, LLC dba SODEXO USA, a Delaware Limited Liability (hereinafter "UHS", "Sodexo" or collectively "Defendants") employed more than twenty (20) employees, and they are therefore subject to the provisions of ADEA, Title VII and the ADA.

3. Jurisdiction is predicated on the ADEA, Title VII and the ADA code sections referenced above as well as *28 USC §1331*, as this action involves a federal question.

4. The events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5. At all relevant times herein Plaintiff Davis, was a citizen of the United States and resident of the State of Nevada, County of Clark and City of Las Vegas.

6. At all relevant times herein Plaintiff Scribner, was a citizen of the United States and resident of the State of Nevada, County of Clark and City of Las Vegas.

7. Plaintiff are informed and believe and thereon allege that at all relevant times giving rise to the claims asserted, Plaintiffs were employed or seeking employment with Defendants.

8. At all material times mentioned herein, Defendants are employers within the meaning of *42 USC §2000e(b) and 29 USC §§623 and 630(b).*

## EXHAUSTION OF REMEDIES

9. Plaintiffs timely filed a "Charges of Discrimination" with the Nevada Equal Rights Commission ('NERC") and Equal Employment Opportunity Commission ("EEOC") and were issued Notices of Right to Sue by the EEOC, which were received by Davis and Scribner within 90 days of the date this lawsuit is being filed, copies of which are attached to Complaint as Exhibits "A", "B", "C" and "D".

## STATEMENT OF FACTS

10. Plaintiff Davis is a 63 year old gay white male with an anxiety condition disability for which he is under doctor's care for and which he takes daily medication for. Davis has been a Registered Dietitian since 1987, is a Certified Nutrition Support Clinician, has an MBA and had over 20 years cumulative experience with Sodexo.

11. Over his 20 year career with Sodexo Davis had worked as a Clinical Nutrition Manager and a Patient Services Manager and has received performance appraisals that were either above expectations or meets expectations and he did not have any disciplinary counseling's in his personnel file with Sodexo.

12. Plaintiff Scribner is a 61 year old gay white male with a disability (lumbar radiculopathy and spinal stenosis) for which he is under doctor's care for and which he takes daily medication for. Scribner is a Certified Dietary Manager, Certified Food Protection Professional, Food Service Management Professional and UHS Certified Service Excellence Facilitator and had 36 years experience with Sodexo.

13. Over his 36 year career with Sodexo Scribner had worked as a Food Service

Director, General Manager and Senior General Manager and has received performance appraisals that were either above expectations or meets expectations and he did not have any disciplinary counseling's in his personnel file with Sodexo.

14. Sodexo was contracted to provide food service for four hospitals in the Las Vegas market. On or about November 5, 2019 Sodexo was notified by UHS Hospitals that they were terminating their food service contract with Sodexo for all of its hospitals in the Las Vegas market.

15. In November 2019 all the management jobs occupied by Sodexo managers were posted on the UHS website making it incumbent on all Sodexo managers to apply for the jobs they held at Sodexo if they wanted to be employed by UHS hospitals.

16. From in or around November 2019 to in or around March 2020 Davis applied for seven or eight Clinical Nutrition Manager or Patient Service Manager positions listed on the UHS website and received an email for Jason Silk, Senior Director of Contract Services for UHS who was in charge with directing the transition of managers from Sodexo to UHS, saying among other things, that "based on your background and reputation, it sounds like you are someone we would like to join UHS".

17. From in or around November 2019 to in or around September 2020 Scribner applied for five Food Service Manager positions listed on the UHS website but neither Davis or Scribner received an interview for any of the positions they applied for.

18. As it turned out Plaintiffs were the only ones who were managers at the Sodexo units that were not offered a job at UHS even though they had superior qualifications and experience compared with the managers who were offered a job.

19. Sodexo participated in UHS's decision not to interview or hire Plaintiffs by giving them negative references and informing UHS of their ages, sexual orientations and disabilities. This is supported by the fact, among other things, that the Vice President for the Western Region at Sodexo made a derogatory remark against Plaintiff Scribner's sexual orientation by saying that "he was not aware that Las Vegas had so many 'Snowflakes'".

# FIRST CAUSE OF ACTION

## (For Age Discrimination in Violation of the Age Discrimination

## in Employment Act of 1967 against all Defendants)

20. Plaintiffs Davis and Scribner incorporate the allegation set forth in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. This cause of action is brought pursuant to ADEA to obtain relief for Plaintiffs for discriminating against them in the terms, conditions or privileges of their employment because of their ages in violation of the ADEA.

22. As set forth above Plaintiffs Davis and Scribner are 63 and 61 years of age respectively and were the only managers who worked at Sodexo who were not offered a job at UHS. In addition they were substantially older than the managers who were offered a job at UHS.

23. As further set forth above, Plaintiffs Davis and Scribner had an outstanding employment history with no disciplinary actions and had the best qualifications and experience of all of the managers at Sodexo who were hired at UHS and because they were substantially older than the managers who were offered a job at UHS it is reasonable to infer that the reason they were not offered a job at UHS was because of their ages.

24. As a direct, foreseeable, and legal result of Defendants' Age Discrimination, Plaintiffs have suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

25. The age discrimination by Defendants was willful and thus Plaintiffs should be awarded liquidated damages pursuant *29 USC §626(b).*

26. As a further direct, foreseeable, and legal result of the Defendants' age discrimination, Plaintiffs have suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which they seek damages in an amount in excess of the minimum jurisdictional limits of the

Court, also to be proven at the time of trial.

27. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiffs' rights. Their conduct was despicable, has subjected Plaintiffs to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiffs, in a sum according to proof at trial.

28. Plaintiffs claim the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

29. Plaintiffs have incurred, and continue to incur, attorney's fees in the prosecution of his claim and Plaintiffs therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 against all Defendants)

30. Plaintiffs Davis and Scribner incorporate the allegation set forth in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31. This cause of action is brought pursuant to Title VII to obtain relief for Plaintiffs for discriminating against them in the terms, conditions or privileges of their employment because of their sex orientation in violation of Title VII.

32. As set forth above Plaintiffs Davis and Scribner are both gay white males and were the only gay male managers who worked at Sodexo who were not offered a job at UHS.

33. As further set forth above, Plaintiffs Davis and Scribner had an outstanding employment history with no disciplinary actions and had the best qualifications and experience of all of the managers at Sodexo who were hired at UHS and were the only managers not offered a job at UHS, leading to the reasonable inference that the reason they were not offered a job at UHS was because of their sexual orientation.

34. As a direct, foreseeable, and legal result of this discrimination because of their

sexual orientation, Plaintiffs have suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

35. As a further direct, foreseeable, and legal result of this discrimination because of their sexual orientation, Plaintiffs have suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which they seek damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

36. In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiffs' rights. Their conduct was despicable, has subjected Plaintiffs to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiffs, in a sum according to proof at trial.

37. Plaintiffs claim the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

38. Plaintiffs have incurred, and continues to incur, attorney's fees in the prosecution of their claims. Plaintiffs therefore seek an award of reasonable attorney's fees, in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

**(For Disability Discrimination in Violation of the Americans**

**with Disabilities Act of 1990 against all Defendants)**

39. Plaintiffs Davis and Scribner incorporate the allegation set forth in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. This cause of action is brought pursuant to the ADA to obtain relief for Plaintiffs for discriminating against them in the terms, conditions or privileges of their employment because of their disabilities in violation of the ADA.

41. As set forth hereinabove, Davis was diagnosed with an anxiety condition and Scribner was diagnosed with lumbar radiculopathy and spinal stenosis.

42. These ailments qualify as physical and mental impairments under the ADA. Further they substantially limited Plaintiffs in performing major life activities, including but not limited to working, and thus qualified Plaintiffs Davis and Scribner as being disabled under the ADA.

43. Further Plaintiffs Davis and Scribner were both qualified individuals with a disability under the ADA because with or without accommodations they could perform the essential functions of the jobs they were attempting to be hired for.

44. Thus as set forth above Plaintiffs Davis and Scribner are qualified individuals with a disability under the ADA.

45. As further set forth above, Plaintiffs Davis and Scribner had an outstanding employment history with no disciplinary actions and had the best qualifications and experience of all of the managers at Sodexo who were hired at UHS and were the only managers not offered a job at UHS, leading to the reasonable inference that the reason they were not offered a job at UHS was because of their disabilities.

46. As a direct, foreseeable, and legal result of this discrimination because of their disabilities, Plaintiffs have suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

47. As a further direct, foreseeable, and legal result of this discrimination because of their disabilities, Plaintiffs have suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which they seek damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

48.     In acting as they did, Defendants knowingly, willfully, and intentionally acted in conscious disregard of Plaintiffs' rights.  Their conduct was despicable, has subjected Plaintiffs to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiffs, in a sum according to proof at trial.

49.     Plaintiffs claim the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

50.     Plaintiffs have incurred, and continues to incur, attorney's fees in the prosecution of their claims.  Plaintiffs therefore seek an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Davis and Scribner demand judgment against Defendants as follows:

1.     For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2.     For an award of liquidated damages pursuant *29 USC §626(b)* for Defendant's willful violation of *29 USC §§623(a) and 623(d)*;

3.     For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiffs' damage in a sum to be shown at the time of trial;

4.     For punitive damages;

5.     For attorney's fees and costs in an amount determined by the court to be reasonable;

6.     For pre-judgment interest on all damages; and

7.     For any other and further relief that the court considers proper.

*///*

*///*

*///*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action.

DATED: 1/4/2021        LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
   Michael P. Balaban
   LAW OFFICES OF MICHAEL P. BALABAN
   10726 Del Rudini Street
   Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE- DAVIS/SODEXO

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Gary R. Davis<br>9804 Great Bend Dr<br>Las Vegas, NV 89117 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00924 | Jessica E. Franco,<br>Investigator Support Asst | (702) 388-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Tamara M. West**

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2020.08.25 08:25:52 -07:00

Enclosures(s)

Tamara M. West,
Local Office Director

(Date Mailed)

cc: Sylvia Mayfield
HR Manager
Sodexo Services LLC
3100 N. Tenaya Way
Las Vegas, NV 89128

# EXHIBIT "B"

# NOTICE OF RIGHT TO SUE- DAVIS/UNIVERSAL HEALTH SERVICES

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Gary R. Davis
9804 Great Bend Dr
Las Vegas, NV 89117

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00882 | Juan N. Serrata, Investigator | (702) 553-4459 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MICHAEL MENDOZA    for

Tamara M. West,
Local Office Director

(Date Mailed)

Enclosures(s)

cc: Jessica Hill
Employment Counsel
UNIVERSAL HEALTH SERVICES, INC.
1000 Healthpark Dr., Building Three, Suite 400
Brentwood, TN 37027

# EXHIBIT "C"

# NOTICE OF RIGHT TO SUE SCRIBNER/SODEXO

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Scott Scribner<br>1421 Sunblush Ln<br>Las Vegas, NV 89117 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-00913 | Saul Vazquez, Investigator | (702) 553-4460 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MICHAEL MENDOZA
Digitally signed by MICHAEL MENDOZA
DN: c=US, o=U.S. Government, ou=Equal Employment Opportunity Commission, cn=MICHAEL MENDOZA, 0.9.2342.19200300.100.1.1=45001002936757
Date: 2020.10.22 09:32:18 -07'00'

for

Tamara M. West,
Local Office Director

(Date Mailed)

Enclosures(s)

cc: Sylvia Mayfield
Human Resources Manager
SODEXO USA INC.
3100 N. Tenaya Way
Las Vegas, NV 89128

# EXHIBIT "D"

# NOTICE OF RIGHT TO SUE SCRIBNER/UNIVERSAL HEALTH SERVICES

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Scott Scribner<br>1421 Sunblush Ln<br>Las Vegas, NV 89117 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-02374 | Ruth I. Ibarra,<br>Investigator | (702) 553-4468 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

Tamara M. West
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2020.12.04 11:58:37 -08'00'

On behalf of the Commission

Tamara M. West,
Local Office Director

Enclosures(s)                                                                 (Date Mailed)

cc: UNIVERSAL HEALTH SERVICES INC.

Attn: Jessica Hill, Employment Counsel
1000 Healthpark Dr. Bldg. 3, Suite 400
Brentwood, TN 37027