UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY DAVIS *et al.*, | Case No. 2:21-cv-00008-RFB-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| UNIVERSAL HEALTH SERVICES INC., *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Gary Davis and Plaintiff Scott Scribner's Motion for Reconsideration (ECF No. 60). For the following reasons, Plaintiffs' Motion for Reconsideration is denied.

## II. BACKGROUND

The Court incorporates the procedural and factual background sections herein from its prior Order on summary judgment, ECF No. 57, and adds the following: On September 30, 2023, the Court entered an Order on the motion for summary judgment. ECF No. 57. In its Order, the Court addressed Plaintiffs' ADEA, ADA, and sex discrimination claims. The Court granted the motion as to all claims, except for Plaintiff Davis' ADEA claim against Defendant UHS of Delaware, Inc. and Defendant Valley Health System, LLC (collectively "Defendants"). On October 27, 2023, the Plaintiffs filed the instant Motion for Reconsideration. ECF No. 60. The Plaintiffs request that the Court reverse its Order granting Defendants summary judgment as to Plaintiffs' second cause of action for sex discrimination. On November 10, 2023, the Defendants filed their Response to the Motion. ECF No. 61. On November 17, 2023, Plaintiffs filed their Reply. ECF No. 64. This Order follows.

### III. LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted); see also Local Rule 59-1(a). The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). "A motion for reconsideration should not be granted," however, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1. These motions are disfavored. Local Rule 59-1(b).

### IV. DISCUSSION

Plaintiffs' Motion for Reconsideration argues that the Court committed clear error and its ruling was manifestly unjust. The Plaintiffs' motion only raises the Court's dismissal of Plaintiffs' sex discrimination claim. As such, the Court will limit this Order to addressing that claim.

To establish a *prima facie* case of discrimination, a plaintiff may produce direct or circumstantial evidence of discriminatory intent, or rely on a presumption arising from the McDonnell Douglas factors. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994); McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004). Specifically, the plaintiff must

1 show that: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was
2 subject to an adverse employment action; and (4) similarly situated individuals outside his
3 protected class were treated more favorably." Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225
4 F.3d 1115, 1123 (9th Cir. 2000); see also Bostock v. Clayton County, 590 U.S. 644, 657 (2020).

5      In this motion, Plaintiffs argue that the Court wrongly decided that Plaintiffs failed to
6 produce evidence satisfying the fourth element. To support this contention, they focus on eight
7 individuals who were hired for jobs to which Plaintiffs applied. As evidence that the newly hired
8 employees were outside of the protected class, Plaintiffs cite to a 2022 Gallup poll purporting to
9 show that 1.4% of Americans identify as gay. From that, they contend that it would be almost
10 statistically impossible for all eight of the newly hired employees to identify as gay.

11      A motion for reconsideration may not be used to present evidence for the first time when
12 it could reasonably have been raised earlier in the litigation. Kona, 229 F.3d at 890. The poll upon
13 which the Plaintiffs rely was not raised in the motion for summary judgment briefing and the Court
14 will not consider it here. Even if the Court were to consider the poll, a general statistic about the
15 American public is not "specific, substantial evidence" sufficient "to show that there remains a
16 genuine factual issue for trial." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983).
17 Plaintiffs argue that Defendants bear the burden of establishing whether the newly hired employees
18 were gay. This is incorrect. The Plaintiffs bear the burden of establishing a *prima facie* case of
19 discrimination, which includes demonstrating that similarly situated employees, who do not belong
20 to the protected class, were treated more favorably. See Lowe v. City of Monrovia, 775 F.2d 998,
21 1005 (9th Cir. 1985). Plaintiffs present no evidence of similarly situated individuals beyond the
22 eight who were granted interviews and there remains no evidence in the record concerning their
23 sexual orientation in order to establish that they were outside of the protected class. As a result,
24 Plaintiffs fail to meet the elements of the four-prong McDonnell Douglas test.

25      In its Order, the Court further noted that Plaintiffs have not introduced direct or
26 circumstantial evidence of discriminatory intent. Vasquez v. County of Los Angeles, 349 F.3d
27 634, 640 (9th Cir. 2003) (finding that a plaintiff "must offer evidence that gives rise to an inference
28 of unlawful discrimination, either through the framework set forth in McDonnell Douglas Corp.

v. Green or with direct or circumstantial evidence of discriminatory intent") (internal quotations and citation omitted). In this motion, Plaintiffs reiterate that, despite their considerable experience with Sodexo, their positive performance evaluations, and their qualifications, they were not offered an interview. This evidence goes to the issue of whether Plaintiffs were qualified for the job. However, it does not provide support for the contention that Defendant acted with discriminatory intent. See Crowe v. Wormuth, 74 F.4th 1011, 1036 (9th Cir. 2023) (finding that "mere assertions of discriminatory motive and intent are inadequate without substantial factual evidence, to raise an issue precluding summary judgment") (internal quotations and citation omitted).

For the foregoing reasons, the Court does not find that its Order committed an error of law or resulted in a manifest injustice. The Plaintiffs failed to produce evidence of discriminatory intent and failed to satisfy the elements of McDonnell Douglas, which requires evidence that "similarly situated individuals outside [plaintiff's] protected class were treated more favorably." Chuang, 225 F.3d at 1123. As Plaintiffs have failed to meet their burden of demonstrating a *prima facie* case, the Court correctly held that there was no genuine issue of material fact as to Plaintiffs' sex discrimination claim. See Freyd v. Univ. of Oregon, 990 F.3d 1211, 1228 (9th Cir. 2021) ("[Plaintiff] has not presented evidence sufficient to raise a genuine issue of material fact concerning disparate treatment. She has not presented direct or circumstantial evidence of discriminatory intent. She has also not presented evidence sufficient to establish a *prima facie* case under the McDonnell Douglas framework because she has not shown that similarly situated individuals outside of her protected class were treated more favorably than her.").

The Plaintiffs' motion is denied.

V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 70) is **DENIED**.

**DATED:** September 29, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**